IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **GEPPETTO CATERING COMPANY, INC.,** *et al.* | * |
| | * |
| *Plaintiffs,* | |
| | * |
| | Case No.: 22-cv-00688-PWG |
| v. | * |
| | |
| **JOSHUA CARIN,** *et al.* | * |
| | |
| *Defendants.* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Montgomery County Bank Revenue Authority ("MCRA") moves to withdraw Count 10 of the Complaint in the underlying adversary bankruptcy proceeding ("Bankruptcy Complaint") to this Court, and to stay the prosecution of Count 10 of the Bankruptcy Complaint pending the resolution of what MCRA contends is a near-identical action currently pending in the Circuit Court for Montgomery County, *Geppetto Catering Company, Inc. v. Montgomery County Revenue Authority, et al.*, Civil Case No. 484598-V ("State Court Action"). ECF 1, Motion to Withdraw at 1 ("Motion"). Count 10, which is the only remaining Count of the Bankruptcy Complaint against MCRA, alleges that MCRA misappropriated Plaintiff Geppetto Trading Company, Inc.'s ("Geppetto") trade secrets in connection with the development and operation of its catering business. Bankruptcy Complaint ¶¶ 252–298. Plaintiffs Geppetto and Charles Lenkin have no objection to the withdrawal of Count 10 to this Court, but oppose MCRA's request to stay Count 10 pending the resolution of the State Court Action. ECF No. 2, Plaintiffs' Opposition to

MCRA's Motion ("Opposition"). MCRA's Motion is fully briefed[1] and no hearing is necessary. *See* Local Rule 105.6. For the reasons explained below, MCRA's Motion is GRANTED.

## DISCUSSION

### A. MCRA's Motion for Withdrawal is Granted

MCRA seeks the withdrawal of the sole remaining count against it in the underlying adversary action. Motion ¶¶ 1–8. Plaintiffs do not object to the withdrawal. Opposition at 1.

District Courts consider the following factors when determining whether there is good cause to withdraw a bankruptcy reference: "(1) whether the matter at issue between the parties is 'core' within the meaning of Section 157(b)(2) of the Bankruptcy Code; (2) uniformity of bankruptcy administration; (3) forum shopping; (4) conservation of creditor and debtor resources; (5) expediency of the bankruptcy proceeding; (6) the likelihood of a jury trial." *Farmer v. Macy's Inc.*, No. AP LSS-16-0350, 2017 WL 3493129, at *2 (D. Md. Aug. 14, 2017) (citing *Albert v. Site Mgmt., Inc.*, 506 B.R. 453, 455 (D. Md. 2014)).

Count 10 asserts a claim against MCRA for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836. Bankruptcy Complaint ¶¶ 252–298. Plaintiffs allege that "Carin wrongfully took from Geppetto and misappropriated for use by MCRA, confidential and proprietary Geppetto information" including information related to "Geppetto's recipes, menus, pricing and profit margin data, customer lists, processes and business know how." *Id*. Because Count 10 does not appear to relate in any way to the bankruptcy, and because Plaintiffs have no objection to its withdrawal, MCRA's request to withdraw Count 10 is GRANTED.

---

[1]   *See* Motion; Opposition; ECF No. 3, MCRA's Reply ("Reply").

### B. MCRA's Motion to Stay is Granted

MCRA also asks this Court to stay Count 10 pending the resolution of a closely related state action in the Circuit Court for Montgomery County. Motion ¶¶ 9–15. Plaintiffs object to this request. Opposition at 1–5.

In their Opposition, Plaintiffs rely almost entirely on the Fourth Circuit's decision in *McLaughlin v. United Virginia Bank*, 955 F.2d 930 (4th Cir. 1992). In *McLaughlin*, the Fourth Circuit reversed the district court's dismissal of the case under the *Colorado River*[2] doctrine, which provides the standard for when a federal district court may, in certain exceptional circumstances, abstain from exercising its jurisdiction in deference to a parallel proceeding in state court. *Id.* MCRA contends that *McLaughlin* does not apply to their Motion because they are not asking the Court to decline to exercise its jurisdiction, but rather asking it to stay Count 10 until the state court litigation concludes. Reply at 3.

The Fourth Circuit emphasizes in *McLaughlin* that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction" and that "in the usual case the federal courts *must* hear the cases that fall within their jurisdiction." 955 F.2d at 934 (emphasis in original). *McLaughlin* specifically notes that, "[w]hile the general rule provides that the pendency of a state court action is not a basis to bar similar proceedings in a federal court having jurisdiction and that federal courts must hear cases within their jurisdiction, in extraordinary and exceptional circumstances a district court **may stay its hand or** refuse jurisdiction." 955 F.2d at 931 (emphasis added). Prior decisions of this Court that rely on *McLaughlin* apply the *Colorado River* doctrine when considering whether to grant a stay pending the resolution of a parallel state court action. *See Extra Storage Space, LLC v. Maisel-Hollins Dev.,*

---

[2] So named for the Supreme Court's decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

3

*Co.*, 527 F. Supp. 2d 462, 464 (D. Md. 2007) ("A district court should not grant a stay or refuse jurisdiction in deference to concurrent state court proceedings absent exceptional circumstances."); *Saint Annes Dev. Co., LLC v. Trabich*, No. CV WDQ-07-1056, 2008 WL 11363666, at *2 (D. Md. Jan. 4, 2008).[3]

Accordingly, I assess the propriety of staying Count 10 by applying the *Colorado River* doctrine. Judge Bennett of this Court has summarized this task as follows:

> Abstention under Colorado River is only appropriate if this Court first determines that the federal and state suits are parallel. Next, this Court must balance several factors to determine whether the case represents an "exceptional circumstance." The following six such factors have been identified by the United States Court of Appeals for the Fourth Circuit: (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Extra Storage Space, LLC*, 527 F. Supp. 2d at 465–66 (citations omitted).

In determining whether state and federal actions are parallel under *Colorado River*, courts look to the similarities between the parties, the scope of the legal issues, and the remedy sought. *Id.* (citing *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 208 (4th Cir. 2006)). Put succinctly, "suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005). The Fourth Circuit has "strictly construed the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." *Id.*

---

[3] *See also U.S. for Use & Ben. of Arrow Concrete Co. v. Ohio Farmers Ins. Co.*, 981 F. Supp. 443, 444 (S.D.W. Va. 1997); *Oglesby v. Cnty. of Kern*, No. CVF0500873RECTAG, 2005 WL 3031466, at *5 (E.D. Cal. Nov. 4, 2005); *Behring v. Thermogas Co. of Storm Lake*, No. C 00-4038-MWB, 2000 WL 34031797, at *9 (N.D. Iowa Aug. 21, 2000); *Barron v. Caterpillar, Inc.*, No. CIV. A. 95-5149, 1996 WL 368335, at *1 (E.D. Pa. June 26, 1996).

Here, both MCRA and Geppetto are parties to the state and federal actions. *See* State Court Action Docket.[4] Plaintiff Charles Lenkin, who is currently "the sole shareholder, officer and director of Geppetto," is not a party to the State Court Action. *Id.*; Bankruptcy Complaint ¶ 11. For the reasons explained below, I nevertheless conclude that the parties are substantially the same for the purposes of determining whether the state and federal lawsuits are parallel.

Plaintiffs argue that Mr. Lenkin "as an individual has a Count 10 claim involving separate and distinct factual allegations against MCRA and there is no legal basis for a stay of [Mr.] Lenkin's right to proceed with his claim against MCRA in federal court at this time." Opposition at 5. Count 10 of the Bankruptcy Complaint alleges that, in addition to improperly taking Geppetto's trade secrets including "recipes, menus, pricing and profit margin data, customer lists, processes and business know how, "MCRA also misappropriated from Geppetto certain trade secrets owned by Lenkin, namely proprietary recipes, processes, business methodologies and procedures developed by Lenkin personally and at substantial expense in the conduct of his well-known solely owned Geppetto restaurants." Bankruptcy Complaint ¶ 288. There appears to be significant overlap between the trade secrets owned by Mr. Lenkin and those owned by Geppetto (which Mr. Lenkin also owns). Additionally, Mr. Lenkin's interests are fully aligned with those of Geppetto's, and they will be ably represented by their shared counsel in the State Court Action. Finally, to the extent resolution of the State Court Action leaves any of Mr. Lenkin's "personal" claims unresolved, he will not be prohibited from litigating those claims in this Court at that time.

The legal issues and remedy in the state and federal proceedings are also substantially the same. In the State Action, Geppetto asserts a claim for violation of the Maryland Uniform Trade Secrets Act, Md. Code, Com. Law § §11-1201 *et seq.* ("MUTSA"). In this Court, Plaintiffs assert

---

[4] Available via Maryland CaseSearch at https://casesearch.courts.state.md.us/casesearch/.

a claim under the federal equivalent, the Defend Trade Secrets Act ("DTSA"). "The majority of the elements of a misappropriation claim under the DTSA and the MUTSA are substantively the same." *Philips N. Am. LLC v. Hayes*, No. CV ELH-20-1409, 2020 WL 5407796, at *7–8 (D. Md. Sept. 9, 2020). Under both statutes, the plaintiff "must show that the documents at issue are trade secrets and that the defendant misappropriated those trade secrets. " *Id.* (citing 18 U.S.C. § 1836(b)(1); Md. Code, Commercial Law Article, §§ 11-1201 to 11-1203).[5] "The primary difference between the MUTSA and the DTSA is that the DTSA only allows for a private cause of action where the alleged trade secrets are 'related to a product or service used in, or intended for use in, interstate or foreign commerce.'" *Id.* (quoting 18 U.S.C. § 1836(b)(1)). Because I conclude that the parties, legal issues, and remedies are substantially the same, I find that the state and federal actions are parallel under *Colorado River*.

The six factors that courts consider when determining if exceptional circumstances exist to stay a federal lawsuit in favor of a parallel state case favor staying this action. *See Extra Storage Space, LLC*, 527 F. Supp. 2d at 465–66. The State Court Action was filed prior to the adversary proceeding—motions to dismiss have been briefed and a hearing has been scheduled on those motions. *Id.* The State Court Action will protect the Plaintiffs' rights. *Id.* Finally, staying this case pending the resolution of the State Court Action will avoid a duplication of efforts by the parties and the courts and avoid piecemeal litigation. *Id.* Although I am granting MCRA's motion to stay, my decision to do so is predicated on the fact that the state litigation, which was filed first, is proceeding promptly, and a hearing is imminent. Should Geppetto/Mr. Lemkin demonstrate that

---

[5] "More specifically, to prevail on a misappropriation claim under the DTSA, the plaintiff must allege: (1) it owns a trade secret which was subject to reasonable measures of secrecy; (2) the trade secret was misappropriated by improper means; and (3) the trade secret implicates interstate or foreign commerce. And, under the MUTSA, a plaintiff must establish that "(1) it possessed a valid trade secret, (2) the defendant acquired its trade secret, and (3) the defendant knew or should have known that the trade secret was acquired by improper means." *Id.*

the State Court Action has stalled, or is not proceeding with dispatch, I will reconsider this order, reassess the *Colorado River* factors, and terminate the stay if necessary to protect their interests in litigation their Count 10 claims. To assist me in monitoring the State Court Action, I will require the parties to file joint status reports every 90 days, commencing from the date of this Memorandum and Order, to inform me of the status of the State Court Action.

Accordingly, I find that it is appropriate to stay the litigation of this action pending the resolution of the State Court Action. Accordingly, MCRA's Motion to stay the litigation of Count 10 is GRANTED.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is hereby ORDERED that Defendant Montgomery County Revenue Authority's Motion to Stay, and Withdraw the Bankruptcy Reference to Count 10, ECF No. 1, is GRANTED. Count 10 is withdrawn to this Court and is STAYED pending the outcome of the parallel state law action in the Circuit Court for Montgomery County, *Geppetto Catering Company, Inc. v. Montgomery County Revenue Authority, et al.*, Civil Case No. 484598-V. Counsel shall file a joint status report on October 3, 2022, and every 90 days thereafter advising on the status of the above referenced state court litigation.

Dated: July 5, 2022

                                                                            /S/  
                                                               Paul W. Grimm  
                                                               United States District Judge